Schuohman. J.
—This is an appeal by the defendant from a judgment entered in favor of the plaintiff on the verdict of a jury, and from an order denying the defendant's motion for a new trial. The plaintiff brought this action, alleging, and afterwards proving on the trial, that she is an actress, and that the defendant, a theatrical manager, engaged her for the season of 1894 and 1895, which season constituted 30 to 35 weeks, at a salary of $30 per week; that the defendant broke his contract, and discharged her ; that, pursuant to said contract, she would have earned $900 ; that she looked for and found other employment during the term of the contract, and earned $405, and she claimed the difference, to wit, $495, as damages, for which the jury gave her a verdict. The defendant, however, claims that he was only liable for two weeks, to wit, $60, because he claims he could discharge the plaintiff on two weeks’ notice, which notice *1473 he claimed he gave by letter of October 20th, being plaintiff’s Exhibit D, and that during those two weeks, the plaintiff being employed by Mr. Wilson and earning $18 a week, making §86, he was only liable for the difference, to wit, $24. The evidence produced by the plaintiff, however, sliows, at folios 44 and 45 of the printed case, that there is a custom in the profession that, when a part is given to an actress, it is for the season, and that, when an actress gives up one engagement to take another, the latter engagement is to last for the season. The plaintiff’s evidence shows that she gave up her engagement with Mr. Wilson to take the engagement with the defendant, and the defendant knew that fact. This evidence is not denied or contradicted by the defendant. The only principal point contended for between the parties in this case was the duration of the employment of the plaintiff by the defendant. The defendant and his witness, Mr. Wilson, on the trial testified that the plaintiff was only engaged for the season of “ Ole Olson,” and, under a custom existing in the profession, was only engaged for the season of the drama “ Ole Olson.” The question in difference between the parties was squarely submitted to the jury, and they found on this contention in favor of the plaintiff. It is true the testimony at folio 51 shows that, if the manager or the employé is not satisfied, either, on giving two weeks’ notice, may terminate the engagement ; but the defendant in this case placed plaintiff’s discharge on the ground that “it is impossible for him to secure the people he desires for the company.” Plaintiff’s Exhibit D. The jury having found in favor of the plaintiff, and there being sufficient evidence in the case to sustain that verdict, we cannot interfere therewith on this appeal. We have examined the exceptions in the case, and also the exceptions to the charge, and we find none of them of sufficient bearing to reverse the verdict. Judgment affirmed, with costs. All concur.